OZIAS B. COTTON, in equity, *vs.* ELIZA J. MCKEE and CHARLES B. JORDAN.

Androscoggin.   Decided November 23, 1878.

*Mortgage.   Deed.   Evidence.   Burden of proof.*

A deed absolute on its face, with a separate instrument of defeasance, must be executed at the same time or as a part of the same transaction.

The plaintiff who alleges the affirmative of such a proposition must prove it if he would prevail.

BILL IN EQUITY, praying for an order to account and to be allowed to redeem, setting out, in substance, that, April 30, 1870, the plaintiff quitclaimed the premises to the defendant, Jordan, as security for the payment of $451.08 then owing; and on the same day, and as a part of the same transaction, Jordan gave him a bond of defeasance, on condition of payment of that sum in one year from date with interest.

The defendant, Jordan, in his answer, admitted the making and delivery of the quitclaim deed to himself, and also that, on the same day, a note was made and signed by Cotton, running to him, for $451.08, payable in one year, and that a bond was then made

and signed by Jordan to convey the premises to Cotton, if the note was paid according to its terms. But the defendants say these were two independent transactions; that Jordan previously held a judgment against Cotton, as on mortgage for the premises; that Cotton quitclaimed to him to satisfy the judgment, a completed transaction; that he thereupon let the premises to the plaintiff for a year at a small rent; that afterwards, on request of Cotton, he did verbally agree with him that on payment of $400 in one year he would convey, and that this was not put in writing; but that Cotton made a note for the full amount of the judgment, and Jordan signed the bond, not as a part of the same, but as a new and independent transaction; that both bond and note were put into the hands of a third party as an escrow, the bond not to be valid unless the note was paid according to its tenor; that it never was paid, and that Jordan afterwards gave a bond for a deed to the defendant, McKee, who subsequently paid the consideration and took a conveyance from him of the premises.

The plaintiff testified that he never paid any rent and that he never agreed to.

A. P. Moore testified that the bond and note were left with him by the makers and put in an envelope and sealed, on which he made the following memorandum : "This contains a bond for a deed from Charles B. Jordan to Ozias B. Cotton, dated April 30, 1870, for one year, with note from Cotton to Jordan for $451.08, same date, payable in one year with interest, both left with me by Charles B. Jordan and Ozias B. Cotton. If note is paid on or before maturity, bond to be given up to Cotton. If not paid as above, bond to be null and void. Left April 30, 1870, due April 30, 1871." He testified that the envelope and its contents remained with him intact till November, 1875, when Cotton by Jordan's permission took the bond, which was recorded December 16, 1875.

Jordan testified that Cotton remained on the premises till fall, when he abandoned them; that he paid no rent, taxes, nor anything on the note, and on April 10, 1872, he gave a bond for a deed to the defendant, McKee, on payment of $400 in four annual payments of $100 each and interest; that she finally paid the

amount, and that he gave her a deed of warranty, August 17, 1876, which was recorded September 2, 1876.

Prescott R. Strout, the deputy sheriff who had in his hands for service the writ of possession, testified that a settlement was made without service, and corroborated defendants' version.

Mary Cotton, wife of the plaintiff, was called by the defendants, and testified that, at the time her husband told her he had sold the place to Jordan, he said nothing about his having a bond from Jordan, nor until two years after; that plaintiff told her at the time of the settlement that he was to pay rent at $2.50 per month.

*C. Record,* for the plaintiff, contended that the whole transaction constituted, in fact as well as in law, a mortgage. R. S., c. 90, § 1. *Mills* v. *Darling,* 43 Maine, 565. *Rice* v. *Rice,* 4 Pick. 349. *Brown* v. *Holyoke,* 53 Maine, 9. *Bailey* v. *Myrick,* 50 Maine, 171. *Shaw* v. *Erskine,* 43 Maine, 371. *Peugh* v. *Davis,* 5 Reporter, 673.

*A. P. Moore,* for the defendants.

VIRGIN, J. Was the bond from Jordan to Cotton executed and delivered under such circumstances as to constitute it an "instrument of defeasance," and a " part of the same transaction " with the quitclaim deed from Cotton to Jordan ? The plaintiff testifies that it was, and the defendants deny it. If the plaintiff is right, and has sustained the burden of establishing the proposition by the proofs in the case, then his bill should be sustained. R. S., c. 90, § 1.

After a careful examination of the proof, it fails to satisfy us. Against the testimony of the plaintiff alone, stands the positive testimony of the defendant Jordan and two disinterested witnesses. The papers themselves are silent upon this point. Neither makes any allusion to the other, as in *Bailey* v. *Myrick,* 50 Maine, 171, 175. The facts and circumstances testified to by the plaintiff's wife, the agreement to pay rent during the life of the bond, and the delay in moving for redemption until after the valuable improvements made by the other defendants, are too

strong to be overcome by the plaintiff's unsupported testimony.

Again we think *Bodwell* v. *Webster*, 13 Pick. 411, is decisive of the case.

*Bill dismissed with costs.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.